CLD-117                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3513
_____

IN RE: FREDERICK H. BANKS,
                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Crim. No. 2-15-cr-00168-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 28, 2019
Before:  CHAGARES, RESTREPO and SCIRICA, Circuit Judges

(Opinion filed: March 13, 2019)
_____

OPINION*
_____

PER CURIAM

        Frederick Banks is currently awaiting trial in the United States District Court for

the Western District of Pennsylvania on charges of interstate stalking, 18 U.S.C.

§ 2261(a)(2), aggravated identity theft, § 1028A(a)(1), making false statements,

§ 1001(a)(3), and wire fraud, § 1343.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

On November 9, 2018, Banks filed a petition for a writ of mandamus in this Court naming as respondents the District Judge and his appointed counsel. Banks explains that on October 8, 2018, the District Court ordered his counsel to provide a proposed housing plan should the court choose to release Banks on bond pending trial. Banks states that he provided counsel with several housing options, but that counsel did not submit them to the District Court. Banks also states that he has repeatedly requested a "first appearance" transcript from the respondents, but has not received it. Banks asks this Court to "intervene and order Respondents to provide the housing information, the first appearance (8/7/15) transcript and unfiled original indictment and release Banks on bond forthwith." Banks also asks us to order counsel to provide him with the status reports he filed with the District Court concerning Banks's housing options.

A writ of mandamus is a drastic remedy available in only extraordinary circumstances. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

We will deny Banks's petition. First, we note that Banks filed an identical petition for a writ of mandamus in the District Court on the same day that he filed this one here. On November 18, 2018, the District Court dismissed the petition, but directed counsel to file a status report as to the housing plan. Counsel has now done so. To the extent that Banks asks us to provide relief that he has already obtained, we will dismiss this petition as moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).

Furthermore, to the extent that Banks asks us to compel his counsel to take various actions, mandamus is not available for this purpose. See generally 28 U.S.C. § 1651. Next, to the extent that he requests copies of his first appearance transcript and original indictment, he has not shown that he has no other adequate means to obtain these. Lastly, we will not direct the District Court to release Banks on bond because has not shown that he has a clear and indisputable right to be released at this time.

For these reasons, we will deny the petition for mandamus.